No. 151.—EFFORD M. BOOKER *et al.* executors, &c. plaintiffs in error, *vs.* JOHN M. BOOKER *et al.* defendants.

[1.] When there is a subject that fits and satisfies a description in every particular, and there is another subject that fails to fit and satisfy the description in an important particular, the presumption to be made is, that the former subject, and not the latter, was the one intended by the description.

In Equity, in Wilkes Superior Court. Decision by Judge JAMES THOMAS, September Term, 1856.

By the 3d item of Richeson Booker's will, " he gave and devised unto his beloved wife, Easter Booker, and direct my executors hereinafter named, to deliver unto her all the property, both real and personal, that I made a deed of gift unto her, dated the 17th of September, 1851, at my death."

After sundry specific legacies, he gave the residue to certain children and grandchildren. By a codicil added to his will three days after its execution, he gave to his wife 21 negroes out of the residuum.

The residuary legatees filed a bill against the executors, setting forth these facts; and farther, that it appeared that

there were two papers executed by testator to his wife, on the 17th September, 1851, copies of which are as follows :

GEORGIA, WILKES COUNTY :

Know all men by these presents, that I, Richeson Booker, of the said State and county, for and in consideration of the natural love and affection I have and bear to my beloved wife, Easter Booker, of the same place and for and in consideration of the sum of five dollars cash in hand, paid by the said Easter Booker, the receipt whereof is hereby acknowledged, do by these presents give and grant unto my said wife, Easter Booker, at my death, the following negroes, to-wit : Dafney, old Solomon, old Nancy, old Peggy and her ten children, to-wit : Oliver, Isham, Elbert, Jefferson, Randal, Ben and Joe; also Harriett and her five children, to-wit : Martha, Susan, Jesse, Matilda, and Sarah; Viney, Savanah and Amey, the grand-daughter of old Peggy ; also Ben, the husband of old Peggy ; also Abe and Milley, together with her four children, to-wit : Tener, Moses, Cassander and Charity ; also Beley and her six children, to-wit : Venus, Elijah, Clara, Ned, Catharine and George ; also Winney and her child, Squire, and Osborne, Spencer, Milley, Linda, Gilbert and India; also old Ceaser and little Ceaser, the husband of little Peggy. To have and to hold the above-mentioned negroes, with their increase, to her, the said Easter Booker, her heirs and assigns forever.

In testimony whereof, I have set my hand and fixed my seal, this 17th day of September, 1851.

RICHESON BOOKER. [L. S.]

Signed, sealed and delivered in presence of
    TIMOTHY DUFFY,
    HORACE E. PASCHAL,
    THOMAS H. STROTHER, J. P.

GEORGIA, WILKES COUNTY :

This indenture, made this 17th day of September, in the year of our Lord, eighteen hundred and fifty-one, between Richeson Booker, of said State and county, of one part, and

Easter Booker, wife of the said Richeson Booker, of the said place of the other part, witnesseth that the said Richeson Booker, for and in consideration of the natural love and affection which he has and bears to his said wife, Easter Booker, and for and in consideration of the sum of five dollars cash in hand, paid by the said Easter, the receipt whereof is hereby acknowledged, have given and granted unto the said Easter Booker, her heirs and assigns, all that tract of land situate, lying and being in the County of Wilkes, containing fifteen hundred acres, more or less, adjoining lands of Kauffman Gresham, John Florence, Amos Hugaly, E. S. Pass, Allen T. Holliday and Samuel Paschal, and lying on the waters of Upton and Camp creek, with all the rights, members and appurtenances to said lot of land belonging or in any way appertaining. To have and to hold the above described lot of land, unto her, the said Easter Booker, her heirs and assigns, together with all the rights, members and appurtenances to the said lot of land, in anywise belonging to her and their own proper use, benefit and behoof forever in *fee simple*. And the said Richeson Booker, for himself, his heirs, executors and administrators, the said given and granted premises unto the said Easter Booker, her heirs and assigns, will warrant and forever defend the right and title thereof against themselves and against the claims of all other persons whatever. Also, ten horses or mules, such as she may choose from all my horses and mules, together with as many farming utensils as she may think proper; to take, also, twenty head of cattle, such as she may choose from my stock of cattle; also, fifty head of hogs, such as she may choose from all my stock of hogs; also, the household and kitchen furniture, as much as she may think proper to keep.

In testimony whereof, the said Richeson Booker hath hereunto set his hand and affixed his seal, the day and year first above written.        RICHESON BOOKER. [L. S.]

Signed, sealed and delivered in presence of

TIMOTHY DUFFY,

HORACE E. PASCHAL,

THOMAS H. STROTHER, J. P.

The bill alleged that the executors claimed that both of these papers were affirmed by the said 3d item of the will; whereas, complainants alleged that the paper conveying the land and perishable property alone was described in said item. The prayer was for an account for the negroes contained in the other papers, &c.

On demurrer, the Court below held that the said 3d item affirmed only the deed of gift of land and perishable property, and this decision is assigned as error by the executors.

REESE; TOOMBS, for plaintiffs in error.

BARNETT; THOMAS; T. R. R. COBB, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Which of the two instruments, dated the 17th of September, 1851, did the testator refer to in the third item of his will? That he referred to one or the other of the two, hardly admits of a doubt. The subject of one of those instruments is personalty—only *negroes;* the subject of the other is both realty and personalty—land, mules or horses, hogs, cows, farming utensils, household and kitchen furniture. This last instrument is, beyond question, a *deed,* and not a will. As to the other, there is a question whether it is not a will.

The question for this Court is, which of these two instruments was the one referred to by the testator in the third item of his will?

That item is as follows: " I give and devise unto my beloved wife, Easter Booker, and direct my executors hereinafter named to deliver unto her all the property, both real and personal, that I made a deed of gift unto her, dated the 17th of September, 1851, at my death."

The words, " at my death," must be considered as relating to the words, " to deliver," and not as descriptive of the instrument meant.

Therefore, these words can be of no value in settling the question under consideration.

Which of the two instruments, then, do the other words of the item call for ? The one, as we think, that includes realty as well as personalty. That is, beyond question, a deed; and it not only fits, but it satisfies every one of those words. They ask for no more.

In one important particular, the other instrument fails to satisfy those words. It does not include any realty. It includes only personalty.

When a subject is found that fits and satisfies a description in every particular, and another is found that does not satisfy the description in an important particular, the former, it is to be presumed, is the subject for which the description was intended. (*Chichester vs. Oxenden*, 3 *Taunt.* 147 ; *Ashworth vs. Bower*, 3 *Barn. & Ad.* 453.)

This Court decides, then, that the instrument that includes realty as well as personalty, is the one that was referred to in the third item of the will. In this, it seems that we agree with the Court below. We decide nothing else. There are other points in the case, but those the parties do not wish decided. And some of them are, perhaps, not ripe for a decision.